IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ISAIAH RIVERA,<br>   Plaintiff, | : <br> : <br> : | |
|   v. | : <br> : | CASE NO.: 7:23-CV-92-WLS |
| FPL FOOD, LLC,<br>   Defendant. | : <br> : <br> : | |
| _____ | : | |

**ORDER**

  Presently before the Court is Plaintiff Rivera's Motion Requesting Telephonic Initial Scheduling/Discovery Conference (Doc. 10), filed on December 12, 2023. Plaintiff's Counsel requests that the Court permit Plaintiff's Counsel to appear telephonically for the initial discovery conference because he "resides and works in Roswell, Georgia, [which is] approximately 415 miles round trip from the Albany, Georgia Courthouse." (Doc. 10, at 2). Plaintiff's Counsel further states that "[g]iven the holidays, work obligations, and family schedule of counsel," he requests to attend the initial discovery conference telephonically. (*Id.*) For the reasons that follow, Plaintiff's Motion Requesting Telephonic Initial Scheduling/Discovery Conference (Doc. 10) is **DENIED**.

  After extensive review and consideration of the importance and critical role discovery plays in civil litigation, it has long been the Court's practice to require in-person attendance of Lead Counsel at the initial discovery conference except in exceptional circumstance. One such exceptional circumstance was the Court's recent COVID-19 Pandemic Moratorium. Rather than being an unnecessary expense, an in-person meeting with the Court and opposing counsel at an early stage of proceedings is in fact likely to result in entirely a more efficient and cooperative discovery process favorably and beneficially for the Parties and, thereby, the reduction of overall discovery expenses.

Here, the Parties were previously noticed that in person attendance is required at the initial discovery conference, in this Court's Rule 16/26 Order. (Doc. 12). Pursuant to that Order, requests for telephonic conference would be considered upon a "timely written motion in exceptional circumstances only." (*Id.*) The captioned case was filed in this District and division notwithstanding Counsel's geographical distance from the Court. Surely this fact was known to all Counsel prior to entering their notice of appearance. Accordingly, no exceptional circumstances have been shown which persuade the Court to depart from its longstanding position, and the Court finds no superior benefit from allowing Counsel to attend telephonically for the reasons Counsel provides.

However, due to Plaintiff's Counsel's conflicts, such as his work obligations and family schedules, Counsel shall confer regarding an appropriate rescheduling and then confer with Ms. Gloria Anderson, the Courtroom Deputy, to find a new time and date for the in-person initial discovery conference within **seven (7) days of entry of this Order**.

In sum, the Plaintiff's Motion Requesting Telephonic Initial Scheduling/Discovery Conference (Doc. 10) is **DENIED**.[1] It is hereby **ORDERED** that the initial discovery or scheduling conference for the above-styled matter set for Tuesday, December 19, 2023, is **CANCELED** and will be rescheduled following conference by Counsel and the Courtroom Deputy within **seven (7) days of entry of this Order**.

**SO ORDERED**, this 13th day of December, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that it freely grants motions for telephonic discovery proceedings following the in-person initial discovery conference.