IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ISAIAH RIVERA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CV-92 (WLS) |
| | : | |
| FPL FOOD, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On June 17, 2025, Defendant FPL Food LLC filed a Motion to Dismiss with Prejudice (Doc. 50) ("Motion to Dismiss"). Therein, Defendant moves to dismiss Plaintiff Isaiah Rivera's claims based on his failure to appear at scheduled depositions and failure to prosecute his case. In sum, Defendant is moving the Court to dismiss Plaintiff's Complaint with prejudice. Based on the Court's review of the Docket, it appears that Plaintiff is proceeding pro se, despite the Court's thirty-day stay of proceedings to allow Plaintiff time to secure new legal counsel. (*See* Doc. 47). As such, the Court shall provide the instant Notice about how Plaintiff may respond to a motion to dismiss. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Here, Defendant's Motion seeks dismissal of Plaintiff's claims in the form of a sanction based upon Plaintiff's alleged "willful

1

contempt of this Court's orders and the Federal Rules of Civil Procedure[.]" (Doc. 50 at 5). And the Court will review the Motion as such.

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may therefore submit his argument to this Court by filing a brief in opposition to Defendant's Motion to Dismiss. Unless the Court has granted prior permission, any brief should not exceed twenty (20) pages. M.D. Ga. L.R. 7.4. Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment, and thus, there would be no trial or further proceedings as to the moving defendant. In other words, judgment could be entered in Defendant's favor and against Plaintiff without further hearing or proceeding.

Because Plaintiff is proceeding pro se, the Court shall permit Plaintiff an opportunity to file a response, if he so desires, **within TWENTY-ONE (21) DAYS** of this Order or by no later than **Friday, July 18, 2025**. Thereafter, the Court will consider Defendant's Motion to Dismiss, together with Plaintiff's response, if any, and make its ruling.

As the Court has noted several times, unless and until Plaintiff elects to hire legal counsel to represent his interests, Plaintiff is solely responsible for the prosecution of his case. (Docs. 47 & 48). This includes, but is not limited to, keeping the Court informed where notices, pleadings, or other papers may be served, making court appearances, *timely responding to opposing counsel's motions and requests*, familiarizing himself with the Federal Rules of Civil Procedure and Evidence, and preparing for trial. Plaintiff is once again reminded that failure to prosecute his case or comply with the Court's orders could result in sanctions or adverse consequences, up to and including entry of judgment against Plaintiff and the dismissal of Plaintiff's claim with prejudice without further notice or proceedings.

**SO ORDERED**, this 27th day of June 2025.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**