IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ISAIAH RIVERA, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CASE NO.: 7:23-CV-00092 (WLS) |
| | : |
| FPL FOOD, LLC, | : |
| | : |
|     Defendant. | : |
| | : |

**ORDER**

Before the Court is Defendant FPL Food LLC's Motion to Dismiss with Prejudice (Doc. 50) ("Motion to Dismiss"), filed on June 17, 2025. Therein, Defendant moves under Federal Rules of Civil Procedure 37(d) and 41(b) to dismiss Plaintiff Isaiah Rivera's claims, with prejudice, based on his failure to appear at scheduled depositions and failure to prosecute his case. For the reasons stated below, the Motion to Dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I. RELEVANT BACKGROUND**

Plaintiff initiated this action on August 17, 2023, alleging a single claim for disability discrimination in violation of the Americans With Disabilities Act (ADA). (Doc. 1.) Defendant filed an Answer (Doc. 5) on November 6, 2023, and the Court held an initial discovery conference on March 26, 2024. On the same day, the Court entered a scheduling and discovery Order (Doc. 20) setting the deadline for fact discovery for December 16, 2024. The Court, at the request of the Parties, extended the discovery deadline twice with the final deadline set for March 28, 2025. (*See* Docs. 35 & 38.)

On March 14, 2025, Plaintiff's Counsel filed a Motion to Stay (Doc. 39), informing the Court that Counsel intended to withdraw from representation. The Court held a hearing on April 9, 2025, to address the Motion to Stay and subsequently filed Motion to Withdraw (Doc. 41) as well as Defendant's Motion to Compel Plaintiff's Deposition and for Sanctions (Doc. 40). At the hearing, the Court granted Plaintiff's Counsel's Motion to Withdraw, denied Defendant's Motion, and stayed the case for thirty days to allow Plaintiff time to hire new

counsel if he chose to do so. (*See* Doc. 47.) While Plaintiff did not attend the hearing, the Court's memorializing Order (Doc. 47) informed him that (1) he would be required to sit for a deposition after the stay was lifted, and (2) that he was responsible for the prosecution of his case when he was not represented by counsel and that failure to meet this obligation could result in sanctions or other adverse consequences.

The stay was lifted on May 14, 2025, and Plaintiff was again reminded of his responsibility to fully prosecute his case and warned of the consequences for failing to do so. (*See* Doc. 48.) Plaintiff was again noticed that he would be required to sit for a deposition upon notice from Defendant. Defendant filed the instant Motion to Dismiss on June 17, 2025. Thereafter, the Court issued an Order (Doc. 51) notifying Plaintiff of his right to respond to the motion and warning Plaintiff for the third time of the potential consequences of failing to prosecute his case. Plaintiff's deadline to file a response was July 18, 2025. That deadline has now elapsed, and Plaintiff did not file a response. As such, the Motion is ripe for decision.

## II.   LAW AND ANALYSIS

Defendant's Motion seeks dismissal of Plaintiff's claims in the form of a sanction under the Federal Rules. The Court has broad authority to dismiss actions under Rules 41 and 37. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Pursuant to Rule 37, if a party "fails to obey an order to provide or permit discovery," or fails to answer to a request for inspection, the Court may impose sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A) & 37(d)(1)(A)(ii). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton*, 178 F.3d at 1374. "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored[,] [b]ut may be appropriate when a plaintiff's recalcitrance is due to wilfulness [sic], bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citations omitted) (affirming dismissal of the plaintiff's case after plaintiff disobeyed several discovery orders, including orders to attend his own deposition).

In addition, the Court may dismiss the action pursuant to Rule 41(b) "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." "'Dismissal under Rule 41(b) is appropriate where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not suffice.'" *Williams v. Bank of Am. Corp.*, 824

2

F. App'x 790, 796 (11th Cir. 2020) (quoting *Gratton*, 178 F.3d at 1374); *see Horizon Shipbuilding, Inc. v. Jackson*, No. 24-12858, 2025 WL 2167913 (11th Cir. July 31, 2025) (holding that dismissal may only be imposed when "(1) a party engages in a clear pattern of delay or willful contempt . . . ; and (2) the district court specifically finds that lesser sanctions would not suffice").

Here, Defendant attempted to depose Plaintiff for more than one year. In fact, Defendant served Plaintiff with a total of six (6) deposition notices to no avail. The last four notices were sent between February and May 2025. (Doc. 50-1 ¶¶ 23, 27–28, 32–34.) Plaintiff either canceled the depositions scheduled for those dates at the last minute or failed to appear at the noticed date and time altogether. (*Id.* at ¶¶ 24, 29, 35.) Indeed, Defendant served its fifth notice for a virtual deposition on March 26, 2025. (*Id.* at ¶ 34.) Despite receiving proper written notice which required Plaintiff sit for a deposition, neither Plaintiff nor his counsel appeared. (*Id.* at ¶ 35.) Defendant's sixth and final notice was served after the Court permitted Plaintiff's counsel to withdraw and granted Plaintiff a thirty-day stay to find new counsel. (*See* Doc. 50-1 ¶¶ 39–41.) Pursuant to the notice, Plaintiff was required to sit for a deposition on May 30, 2025. (*See id.* at 8.) Plaintiff again failed to appear without informing Defendant that he was unavailable. (Doc. 50-1 ¶¶ 42, 44.) In addition to being served with written notice of scheduled depositions, the Court twice informed Plaintiff of his responsibility to sit for a deposition. (*See* Docs. 47 & 48.) Plaintiff has not responded to the Court's orders or otherwise participated in the prosecution of his case since at least early 2025 when he was still represented by counsel. (*See generally* Doc. 50-1.)

Thus, Defendant contends that Plaintiff's last-minute cancellations and repeated failure to appear for depositions demonstrates a "clear record of delay and willful contempt of this Court's orders and the Federal Rules of Civil Procedure, and lesser sanctions will no longer suffice." (Doc. 50 at 5.) Although the Court sympathizes with Defendant's frustration, dismissal *without* prejudice is the more appropriate sanction here. First, the Court is not convinced that Plaintiff's silence "is due to wilfulness [sic], bad faith or fault." *Phipps*, 8 F.3d at 790. Unlike in *Phipps*, where the plaintiff failed to comply with multiple court orders and did so willfully and deliberately, there is no "clear" record as to the reason for Plaintiff's unavailability or silence in this case. Second, while the courts attempted other sanctions in

*Phipps* and *Gratton* before dismissing the plaintiffs' claims, no lesser sanctions have been tried in this case. *See, e.g., Phipps*, 8 F.3d at 790; *Gratton*, 178 F.3d at 1374-75. Thus, the Court cannot conclude that less severe sanctions will be ineffective. Accordingly, the Court dismisses Plaintiff's claims without prejudice.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 50) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 13th day of August 2025.

                                         **/s/ W. Louis Sands**
                                         **W. LOUIS SANDS, SR. JUDGE**
                                         **UNITED STATES DISTRICT COURT**